IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANDREW C. SIENS, an individual, | § | |
| TERRI SIENS, an individual | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | A-11-CV-075-AWA |
| | § | |
| TRIAN, LLC, et al. | § | |
| Defendants. | § | |

## ORDER

Before the Court are: Plaintiffs' First Amended Complaint (Dkt. No. 12); Defendants'

Motion for Judgment on the Pleadings, or in the Alternative, Motion for Summary Judgment (Dkt.

No. 61) filed February 28, 2014; Plaintiffs Andrew  and Terri Siens' Response (Dkt. No. 63) filed

March 20, 2014; and Defendants' Reply (Dkt. No. 64) filed March 27, 2014. This case is currently

set for trial on June 2, 2014.

### I.      Background

Plaintiffs Andrew and Terri Siens (the "Siens") sue remaining defendants, Nationstar

Mortgage, Carolyn A. Taylor,  Mortgage Electronic Registration Systems, Inc., and Federal National

Mortgage Association, alleging that each played a role in the wrongful foreclosure on their property

located at 19218 Lockwood Road, Manor, Texas 78653 ("Subject Property").

The Siens entered into a loan repayment and security agreement on July 14, 2006, with

Trian., LLC. First Amended Complaint at p. 7. The agreement required the Siens to repay a loan to

Trian in the amount of $250,000.00. *Id.* The 30-year note was secured by the Subject Property. *Id.*

The note was assigned to Skyline. *Id.* at p. 8. The Siens attempted to modify the loan to lower the

payments. *Id.*

Nationstar purchased the loan.  *Id.*  Plaintiffs thereafter contacted Nationstar and discussed qualification for the Home Affordability Modification Program ("HAMP"). *Id.* The Siens were set up for three initial payments of $1,566.67.  *Id.*  The Siens made these payments. In September of 2010 the Siens received a letter from Nationstar dated September 28, 2010, returning a payment as insufficient and stating "at this time, we are continuing with our collection efforts."  The Siens were informed there was nothing Nationstar could do to halt the collection process. On October 1, 2010, the Siens received a notice of acceleration and notice of substitute trustee's sale.  Exhibit A to Complaint. The Siens submitted another HAMP application to Nationstar.  On October 28, 2010, the Siens received a letter from Nationstar stating that their information would be reviewed, and that during this evaluation period "your home will not be referred to foreclosure or be sold at a foreclosure sale if the foreclosure process has already been initiated."  Exhibit E to Complaint.  The Subject Property was sold at a foreclosure sale on November 2, 2010, to Federal National Mortgage Association ("FNMA"). The Siens received a letter on November 17, 2010, from Nationstar informing them that they did not meet the requirements of HAMP. Exhibit F to Complaint.  On November 22, 2010, the Siens received a Notice to Vacate Premises giving them three days to vacate the Subject Property.  Exhibit H to Complaint. The Siens filed this suit on January 24, 2011.  Also on January 24, 2011, Defendants filed an eviction action, cause No. 061798 in the Justice of the Peace Court, Precinct 1, Place 1, Travis County, Texas, which the Siens removed to federal court on February 14, 2011.  Subsequently Defendants filed two additional forcible detainer actions.

The Siens request a temporary restraining order stopping any eviction and also seek injunctive relief.  They bring the following causes of action: (1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; (2) violations of the Real Estate Settlement Procedures Act

("RESPA"), 12 U.S.C. §§ 2601-2617; (3) contractual breach of duty of good faith and fair dealing;

(4) violations of the Texas Deceptive Trade Practices Act, TEXAS BUS. & COM. CODE § 17.44; (5)

recission of their loan; (6) Texas statutory fraud; (7) breach of fiduciary duty; (8) unconscionability;

(9) predatory lending; (10) quiet title; (11) tortious interference with existing contract; (12) malicious

civil prosecution; and (13) declaratory relief.[1]

## II.      Standard of Review

Defendants move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure

12(c), and alternatively move for summary judgment to the extent the Court cannot grant judgment

on the pleadings. Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are

closed—but early enough not to delay trial—a party may move for judgment on the pleadings."

"The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid

claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (citing *St. Paul*

*Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "Pleadings should be

construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues

of fact and only questions of law remain." *Great Plains Trust Co. v. Morgan Stanley Dean Witter*

*& Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hughes*, 278 F.3d at 420). The standard applied

under Rule 12(c) is the same as that applied under Rule 12(b)(6). *Ackerson v. Bean Dredging, LLC*,

589 F.3d 196, 209 (5th Cir. 2009); *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th

Cir. 2007).

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the

complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be

---

[1]Against Defendant FNMA.

taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S.

163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Rule 8 mandates only

that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled

to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a

formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further

factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57 (2007). Rather, a complaint

must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on

its face." *Id.*, 550 U.S. at 570. The Supreme Court has made clear this plausibility standard is not

simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a

defendant has acted unlawfully." *Ashcroft v. Iqbal*, 456 U.S. 662, 678 (2009). The standard is

properly guided by "[t]wo working principles." *Id*. First, although "a court must accept as true all

of the allegations contained in a complaint," that tenet is inapplicable to legal conclusions and

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." *Id.*, 556 U.S. at 678. Second, "[d]etermining whether a complaint states a plausible

claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense." *Id.*, 556 U.S. at 679. Thus, in considering a motion to

dismiss, the court must initially identify pleadings that are no more than legal conclusions not

entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and

determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the

complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*., 556 U.S.

at 679 (quoting FED. R. CIV. P.8(a)(2)).

Summary judgment is appropriate if the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A factual dispute is 'genuine' where a reasonable party would return a verdict for the non-moving party." *Chiu v. Plano Indep. Sch. Dist.*, 339 F.3d 273, 282 (5th Cir. 2003) (citation omitted).  In considering a summary judgment motion, courts view the evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).  However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

III.    **Analysis**

   A.    **The Siens' Standing Argument**

In their Motion, Defendants present reasons that each discrete claim should be dismissed. In their Response, the Siens fail to address any of Defendants' arguments, fail to submit any evidence responsive to those arguments, and instead argue that foreclosure on the Subject Property was wrongful and therefore void. Nowhere in the First Amended Complaint do the Siens assert a wrongful foreclosure action.  Nonetheless, they argue that the Defendants lack standing to collect on the debt because the Defendants cannot demonstrate that they have any pecuniary interest in the property or any injury as it applies to the Note.  Response at ¶ 15.  The Siens assert that Defendants were never the holders, owners, or possessors of the Note and as such cannot foreclose on the Subject Property.  The Siens similarly challenge the chain of title and allege that a required transfer as denoted in the Pooling and Service Agreement did not take place, rendering the Power of Sale Clause in the Deed of Trust null and void.

The Siens' argument that Defendants must be the owner and holder of the Note in order to foreclose is inconsistent with Fifth Circuit authority. *See Farkas v. GMAC Mortg., L.L.C.,* 737 F.3d 338, 342 (5th Cir. 2013); *Martins v. BAC Home Loan Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013). The Siens cite no legal authority and present no evidence to support their standing argument. Defendants are thus entitled to judgment on this claim.

### B.       Remaining Individual Claims

Although the Siens' standing arguments are the only defense they offer to the Defendants' motion, the Court also concludes that each of their individual claims fail as a matter of law.

### 1.       TILA

Defendants assert that the Siens' Truth in Lending Act claim is barred by limitations. The Siens contend that Defendants violated the TILA by not providing the Siens with accurate material disclosures and other information required by the TILA at the origination of the loan. First Amended Complaint at ¶ 79. Generally, actions brought under TILA must be brought within one year from the date of the occurrence of the violation. 15 U.S.C. § 1640(e) (2013). Actions brought under 15 U.S.C. §1639 for alleged disclosure violations, however, must be brought before the end of the three year period beginning on the date of the occurrence of the violation. 15 U.S.C. § 1640(e) (2013). Andrew C. Siens executed the Note on July 14, 2006. First Amended Complaint  at ¶ 20.  Any alleged TILA violation was barred by limitations three years later on July 14, 2009. This suit was brought one-and-a-half years after that date, on January 24, 2011.  Accordingly, Defendants are entitled to summary judgment on Plaintiffs' TILA claims, including any request for rescission due to allegations of TILA violations.

### 2.     RESPA

Defendants next assert that the Siens' Real Estate Settlement Procedures Act ("RESPA") claims are also barred by limitations.  The Siens allege the Loan violates RESPA by failing to comply with Housing and Urban Development's two-part test for determining the legality of lender payments to mortgage brokers for table funded transactions and intermediary transactions.  First Amended Complaint at ¶ 95-96.  RESPA actions brought under 12 U.S.C. § 2605 must be commenced within three years from the date of the occurrence of the violation.  12 U.S.C. § 2614 (2011).  Actions brought under 12 U.S.C. § 2607 and § 2608 must be brought within one year from the date of the occurrence of the violation. 12 U.S.C. § 2614 (2011).  As with the TILA claims, any alleged RESPA violation was barred by limitations on July 14, 2009, three years after the Note was signed.  Therefore, Defendants are entitled to judgment on Plaintiffs' RESPA claims, including any request for rescission due to allegations of RESPA violations.

### 3.     Good Faith and Fair Dealing

Plaintiffs allege Defendants breached the implied covenant of good faith and fair dealing that is part of every contract.  First Amended Complaint at ¶ 100-101.  The Siens allege that the terms of the Loan imposed upon Defendants a duty of good faith and fair dealing, that Defendants enjoyed substantial discretionary power affecting the rights of Plaintiffs during the events alleged in the Complaint, and that Defendants were required to exercise such power in good faith.  *Id.*

Under Texas law, a duty of good faith is not imposed in every contract but only in special relationships marked by shared trust or an imbalance in bargaining power.  *Fed. Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 708-09 (Tex. 1990); *Smith v. Nat'l City Mortg.* No. A-09-CV-881 LY, 2010 WL 3338537, at *12 (W.D. Tex. Aug. 23, 2010).  Texas courts routinely hold there is no

special relationship between a mortgagor and mortgagee that would impose an independent common law duty of good faith and fair dealing.  *Id.*; *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983); *Omrazeti v. Aurora Bank FSB*, No. SA:12-CV-00730-DAE, 2013 WL 3242520, at *13 (W.D. Tex. June  25, 2013); *Bank One, Tex., N.A. v. Stewart*, 967 S.W.2d 419, 442 (Tex. App.—Houston [14th Dist.] 1998, rev. denied).  Because Defendants owed the Siens no duty of good faith and fair dealing, Defendants are entitled to judgment as a matter of law on this claim.

### 4.     DTPA

To establish a claim under the DTPA, Plaintiffs must show the following: (1) Plaintiffs are consumers with regard to the transaction with Defendants; (2) Defendants engaged in false, misleading, or deceptive acts; and (3) the acts were a producing cause of the Plaintiffs' injuries. TEX. BUS. & COM. CODE ANN. § 17.46 (West 2007); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995).  To qualify as a consumer under the DTPA, a person must have sought or acquired goods or services by purchase or lease.  *Hurd v. BAC Home Loans Serv., L.P.*, 880 F. Supp. 2d 747, 765 (N.D. Tex. 2012).  The lending of money is not a good or service.  *Id.*; *see also Walker v. Fed. Deposit Ins. Corp.*, 970 F. Supp. 2d 114, 123 (5th Cir. 1992); *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 174-75 (Tex. 1980); *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 160 (Tex. App.—Fort Worth 2007, rev. denied).  A borrower whose sole objective is to get a loan does not become a consumer under the DTPA.  *Hurd*, 880 F. Supp. 2d at 765.  Plaintiffs executed a Note—a loan of money—to finance the purchase of real property.  Therefore, Plaintiffs do not qualify as "consumers" under the DTPA and Defendants are entitled to judgment as a matter of law on Plaintiffs' DTPA claim.  *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 725 (5th

Cir. 2013) (a mortgagor seeking to refinance or otherwise modify his or her loan does not qualify

for consumer status).

### 5.    Rescission

The Siens next allege that they are entitled to rescind the loan.  First Amended Complaint

at ¶ 111.  "Plaintiffs are entitled to rescind the loan for all of the foregoing reasons: (1) TILA

Violations; (2) RESPA Violations; (3) Fraudulent Concealment; (4) Deceptive Acts and Practices

in violation of the Texas Deceptive Trade Practices Act; and (5) Public Policy Grounds, each of

which provides independent grounds for relief."  *Id.*    Rescission is a remedy only and not an

independent cause of action.  *Cantu v. Guerra & Moore, Ltd., LLP*, 328 S.W.3d 1, 8 (Tex. App. –

San Antonio 2009, no pet.).  To the extent that the Siens claim they are entitled to the equitable

remedy of rescission, they failed to plead facts sufficient to show that they are entitled to such relief.

For rescission, a plaintiff must show: (1) he and the defrauding party are in the status quo (*i.e.*, he

is not retaining benefits received under the instrument without restoration to the other party) or

(2) equitable considerations obviate the need for the status quo relationship.  *See Gentry v. Squires*

*Constr., Inc.*, 188 S.W.3d 396, 410 (Tex.App.-Dallas 2006, no pet.).  The Siens have  not alleged

that they are  able or willing to return the money loaned to them to purchase the Subject Property.

Thus, the Siens allege no facts to show that they are entitled to rescission. Accordingly, Defendants

are entitled to judgment as a matter of law on the Siens' rescission claim.

### 6.    Statutory Fraud/Fraud in Real Estate Transaction

The Siens allege statutory fraud/fraud in a real estate transaction as a result of alleged false

representations made to them.  First Amended Complaint at ¶ 118.  The First Amended Complaint

states "the representations made were made for the purposes of inducing the Plaintiffs to enter into

a contract and go forward with the purchase of the Subject Property. The Plaintiffs relied upon the false representation and promises by entering into the contract to purchase and the loan agreement." In addition, the Siens have specifically stated that Mortgage Electronic Registration Systems perpetrated a fraud because it is an "artificial entity designed to circumvent certain laws and other legal requirements dealing with mortgage loans."  First Amended Complaint at ¶123.

Fraud in a real estate transaction occurs if: (1) a person makes a false representation of a past or existing material fact in a real estate transaction to another person for the purpose of inducing the making of a contract; and (2) the false representation is relied on by the person entering into the contract.  TEX. BUS. & COM. CODE ANN. § 27.01; *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir. 2008).  A "transaction" occurs when there is a sale or a contract to sell real estate or stock between the parties.  *Nolan v. Bettis*, 577 S.W.2d 551, 556 (Tex. App.—Austin 1979, writ ref'd n.r.e.); *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 611 (Tex. App.—Waco 2000, rev. denied); *In re Skyport Global Commc'ns, Inc.*, No. 08-36737, 2011 WL 111427, at *49 (S.D. Tex. Jan. 13, 2011).  A loan transaction, even if secured by land, is not considered to come under the section of the Texas Business and Commerce Code governing fraud in real estate and stock transactions.  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir. 2008); *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 611 (Tex. App.—Waco 2000, rev. denied).  None of the Defendants sold nor contemplated to sell real estate contracts to the Siens. and any purported claim arises out of a loan transaction.  The Siens' statutory fraud in a real estate transaction claim fails as a matter of law.

### 7.     Breach of Fiduciary Duty

The Siens next allege Defendants breached a fiduciary duty by not advising the Siens that they would default, or had a likelihood of defaulting, on their loan.  First Amended Complaint at ¶ 129.  Texas law treats the relationship between a borrower and a lender as an arm's length business relationship in which both parties are looking out for their own interests.  *1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital*, 192 S.W.3d 20, 36 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); *Casterline v. Indy Mac/One West*, 761 F. Supp. 2d 483, 491-92 (S.D. Tex. 2011).  Therefore, the relationship between a borrower and lender is neither a fiduciary relationship nor a special relationship imposing tort duties.  *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 675 (Tex. App.—Houston [1st Dist.] 1996, reh'g overruled); *Manufacturers Hanover Trust Co. v. Kingston Inv. Corp.*, 819 S.W.2d 607, 610 (Tex. App.—Houston [1st Dist.] 1991, no writ); *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1962) (the debtor-creditor relationship involving personal loans from a bank officer did not create a fiduciary relationship); *Casterline v. Indy Mac/One West*, 761 F. Supp. 2d 483, 491-92 (S.D. Tex. 2011).  Since Defendants owed no fiduciary duty to the Siens, Defendants are entitled to judgment as a matter of law on the Siens' breach of fiduciary duty claim.

### 8.     Unconscionability

Plaintiffs specifically assert a cause of action for "unconscionability" because of purported "deception, unfair bargaining position, lack of adherence to the regulations, civil codes and federal standards that the Defendants were required to follow [and] the windfall that Defendants reaped financially from their predatory practices."  First Amended Complaint at ¶135.  A party asserting unconscionability in Texas has the burden to prove both procedural and substantive unconscionability.  *Ski River Dev., Inc. v. McCalla*, 167 S.W.3d 121, 136 (Tex. App.– Waco 2005,

pet. denied). Procedural unconscionability concerns "the contract formation process and the alleged lack of meaningful choice." *BDO Seidman, LLP v. J.A. Green Dev. Corp.*, 327 S.W.3d 852, 858–59 (Tex. App.– Dallas 2010, no pet.). Substantive unconscionability concerns the fairness of the contract or the contractual provisions themselves. *In re H.E. Butt Grocery Co.*, 17 S.W.3d 360, 671 (Tex. App.– Houston [14th Dist.] 2000, no pet.). The grounds for procedural and substantive abuse "must be sufficiently shocking or gross to compel the court to intercede." *Id.* Here, the Siens fail to identify any specific contractual provisions as unconscionable. Rather, they make conclusory statements that fail to adequately identify which provisions are at issue. *Id.* at 18. There is no evidence that any of the loan documents or any of the specific clauses in the documents were or are unconscionable. Because the Siens' unconscionability claim is not supported by sufficient factual allegations, Defendants are entitled to judgment as a matter of law on this issue.

### 9.     Predatory Lending

The Siens allege a claim of "predatory lending." First Amended Complaint at ¶137-138. 37. No Texas court has recognized an independent cause of action for predatory lending. *Belanger v. BAC Home Loans Serv., L.P.*, 839 F. Supp. 2d 873, 876 (W.D. Tex. 2011); *Brown v. Aurora Loan Servs.*, LLC, No. 4:11CV111, 2011 WL 2783992, at *4 (E.D. Tex. June 7, 2011); *Smith v. Nat'l City Mortg., USA*, No. A-09-CV-881, 2010 WL 3338537, at *13 (W.D. Tex. Aug. 23, 2010); *Renfrow v. CTX Mortg. Co., LLC*, No. 3:11-CV-3132-L, 2012 WL 3582752, at *9 (N.D. Tex. Aug. 20, 2012). As no such claim exists under Texas law, the Defendants are entitled to judgment as a matter of law on this claim.

### 10.     Quiet Title

The Siens seek a declaration that the title to the Subject Property is vested in the Siens only

and that Defendants have no present or future claim to an interest in the Subject Property.  First

Amended Complaint at ¶ 148.  Under Texas law, "[a] suit to clear or quiet title— also known as suit

to remove cloud from title—relies on the invalidity of the defendant's claim to the property." *Essex*

*Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App. —  Houston [1st Dist.] 2012, pet.

denied).  This equitable action "exists to 'enable the holder of the feeblest equity to remove from his

way to legal title any unlawful hindrance having the appearance of better right..'" *Hahn v. Love*, 321

S.W.3d 517, 521 (Tex.  App. —  Houston [1st Dist.] 2009, pet. denied) (quoting *Thomson v. Locke*,

66 Tex. 383, 1 S.W. 112, 115 (1886)). The elements of a quiet-title claim are "(1) an interest in a

specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim,

although facially valid, is invalid or unenforceable." *Cruz v. CitiMortgage, Inc.*, No. 11–cv–2871,

2012 WL 1836095, at \*4 (N.D. Tex. May 21, 2012) (citing *Sadler v. Duvall*, 815 S.W.2d 285, 293

n. 2 (Tex. App.—Texarkana 1991, writ denied)).

"Texas courts have made clear that 'a necessary prerequisite to the . . . recovery of title . . .

is tender of whatever amount is owed on the note.'" *Cook–Bell v. Mortg. Elec. Registration Sys.*,

Inc., 868 F.Supp.2d 585, 591 (N.D. Tex. 2012) (quoting *Fillion v. David Silvers Co.*, 709 S.W.2d

240, 246 (Tex. App. —  Houston [14th Dist.] 1986, writ ref 'd n.r.e.) (ellipses original)). The

plaintiff  "must allege right, title, or ownership in himself or herself with sufficient certainty to

enable the court to see [that] he or she has a right of ownership that will warrant judicial

interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.— Beaumont 2000, pet. denied).

The Siens have not alleged facts that, if proven, would show that their claim to the property is

superior to the Defendants' claim.  The Siens have not claimed that they are current on their

mortgage payments and not in default on the mortgage.  Such a showing is necessary for "recovery

of title." *Cook–Bell*, 868 F.Supp.2d at 591; *see also Lopez v. Sovereign Bank, N.A.*, Slip Copy, 2014

WL 1315834 (S.D. Tex. 2014).  This claim is properly dismissed as a matter of law.

### 11.    Tortious Interference with Existing Contract

The Siens also allege a cause of action for tortious interference with contract.  *See* First

Amended Complaint at ¶149-152.  The elements of tortious interference with contract under Texas

law are: (1) an existing contract subject to interference, (2) a willful and intentional act of

interference with that contract, (3) which caused plaintiff's injury, and (4) resulted in actual damages

or loss.  *Prudential Ins. Co. v. Fin. Review Servs., Inc*, 29 S.W.3d 74, 77 (Tex. 2000); *Powell Indus.,*

*Inc. v. Allen*, 985 S.W.2d 455, 456 (Tex. 1998); *Texas Beef Cattle Co. v. Green,* 921 S.W.2d 203,

210 (Tex. 1996).  *See also Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Ctrs., Inc.*, 200

F.3d 307, 316 (5th Cir. 2000) (applying Texas law).  Interference with a contract encompasses both

actual inducement or procurement of a contract breach and acts which retard, make more difficult,

or prevent performance of a contract.  *Seelbach v. Clubb*, 7 S.W.3d 749, 757 (Tex.  App. —

Texarkana 1999, pet. denied).

Defendants assert that the Siens have failed to present evidence that Defendants willfully or

intentionally interfered with a contract subject to interference; or any injury resulting in damages

from such alleged interference.  The Siens have failed to allege a legally adequate basis for their

claim of tortious interference with contract.  Moreover, the Siens have failed to produce any

responsive summary judgment evidence in support of a tortious interference claim. Accordingly,

Defendants' motion for summary judgment should be granted as to this claim.

### 11.    Malicious Civil Prosecution

The Siens have alleged a cause of action for malicious civil prosecution related to the forcible detainer actions. First Amended Complaint at ¶ 153. The elements for a malicious civil prosecution claim are: (a) a civil proceeding was instituted or continued against the plaintiff, (b) the proceeding was instituted or continued by or at the insistence of the defendant, (c) the defendant acted with malice, (d) the defendant did not have probable cause for the proceeding, (e) the proceeding was terminated in the plaintiff's favor, and (f) the plaintiff suffered special injury as a result of the proceeding. *Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203 (Tex. 1996). A cause of action for malicious prosecution accrues from the time the underlying prosecution or civil suit ends. *Toranto v. Wall*, 891 S.W.2d 3, 6 (Tex. App. Texarkana 1994). A cause of action for malicious civil prosecution is not ripe before termination of the prosecution in the plaintiff's favor. *Id.*

Defendants assert that there is no evidence that Federal National Mortgage Association committed an act of malicious civil prosecution by bringing their eviction suits against the Siens. Federal National Mortgage Association successfully bid for the Subject Property at foreclosure and thereby became the owner of the Subject Property entitled to pursue eviction and/or any other legal remedies available to it as owner. Moreover, the Siens have presented no evidence that the detainer actions in issue terminated in the Siens' favor. Therefore, the Siens' claim for malicious civil prosecution should be dismissed.

### 12.    Declaratory Relief

The Siens request that the Court declare the purported power of sale found in the Deed of Trust to be of no force and effect. First Amended Complaint at ¶ 74. Defendants assert that the Siens' requests for declaratory relief are not properly pled. The Declaratory Judgment Act allows

a federal court to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The Declaratory Judgment Act, however, does not create a substantive cause of action. *See Schilling v. Rogers*, 363 U.S. 666, 677 (1960) ("the Declaratory Judgment Act is not an independent source of federal jurisdiction; the availability of such relief presupposes the existence of a judicially remediable right"); *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1179 (5th Cir. 1984) ("The federal Declaratory Judgment Act . . . is procedural only[.]") ( citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). "A declaratory judgment action is merely a vehicle that allows a party to obtain early adjudication of an actual controversy arising under other substantive law.*" MetroPCS Wireless, Inc. v. Virgin Mobile USA, L.P.*, 2009 WL 3075205, at * 19 (N.D. Tex. Sept. 25, 2001) (Fitzwater, C.J.) (citation and internal quotation marks omitted). "Thus, a plaintiff cannot use the Declaratory Judgment Act to create a private right of action where none exists." *Reid v. Aransas County*, 805 F.Supp.2d 322, 339 (S.D. Tex. 2011) (citation omitted). Because the Siens have failed to link their request for declaratory relief to a viable right of action, the Court finds that it fails as a matter of law.

### 13. Claims Against Substitute Trustee Taylor

Defendant Taylor asserts that she acted solely as substitute trustee during the foreclosure of the Property and is not liable to the Siens because any conduct by her was undertaken in good faith and in reliance upon information in law or fact provided by the mortgagor or mortgagee or their respective attorney(s), agent(s), or representative(s) or other third party or parties. The Siens do not respond to this argument. The Texas Property Code mandates that a trustee is not liable in situations such as this. TEX. PROP. CODE § 51.007(f) states, "[a] trustee shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or

mortgagee or their respective attorney, agent, or representative or other third party." All claims against Taylor should thus be dismissed pursuant to TEX. PROP. CODE §51.007(b) and (c).

**IV. Order**

Defendants' Motion for Judgment on the Pleadings, or in the Alternative, Motion for Summary Judgment (Dkt. No. 61) is **GRANTED** and that  the Siens' claims against all Defendants are **DISMISSED** as a matter of law. The Court **FURTHER ORDERS** that this cause of action be **CLOSED** and the trial currently set for June 2, 2014 be **CANCELED**.

SIGNED this 13th day of May, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE